IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JEFFREY BRUENINGSEN, ALDIS BARSKETIS, STEVE SIMCHEN, RICHARD SORENSEN, THOMAS H. STEED, JR., JOE METCALFE and MICHAEL POWER, on behalf of themselves and other similarly situated,<br><br>Plaintiffs,<br>v.<br><br>RESORT EXPRESS INC., PARK CITY TRANSPORTATION, INC. and PREMIER TRANSPORTATION, INC.,<br><br>Defendants. | **MEMORANDUM DECISION and ORDER GRANTING IN PART and DENYING IN PART MOTION FOR ADDITIONAL INFORMATION AND TO EXTEND OPT-IN DEADLINE**<br><br><br><br>Case No. 2:12-cv-843-DN<br><br>District Judge David Nuffer |

Plaintiffs move the court to order Defendants to provide additional information on potential plaintiffs and to extend the deadline for potential plaintiffs to file opt-in forms.[1] Plaintiffs assert that after mailing Notices and Forms to the 410 names Defendants produced under the court's order,[2] 35 of the mailings were returned as "undeliverable."[3] "Nonetheless, of the 35 Notices and Forms that were returned, plaintiffs' counsel was able to locate 17 of the drivers and re-send the Notices and Forms."[4] In total, "Plaintiffs' counsel has not received any response to 338 of the 410 Notices and Forms that were mailed to drivers."[5] Plaintiffs state they

---

[1] Motion for Additional Information and to Extend Time Opt-In Deadline (Motion), docket no. 26, filed May 3, 2013.

[2] Order Regarding Plaintiffs' Motion for Order Permitting Plaintiffs to Proceed as a Collective Action and Facilitate Notice (Order) at 2, ¶ 4, docket no. 25, filed February 22, 2013.

[3] *Id*. at 2.

[4] *Id.*

[5] *Id.* at 3.

have "additional concerns regarding the accuracy of the List"[6] due to the low response rate and numerous undeliverable notices.  Because of these concerns, Plaintiffs request the court to:

> (a) order defendants produce copies of all underlying documents that could be used to create an accurate list of all potential plaintiffs; (b) order defendants to provide the social security numbers and birth dates of all potential plaintiffs; and (c) extend the deadline for potential plaintiffs to opt-in to sixty-days after the date defendants provide plaintiffs' counsel with the additional information.[7]

In opposition to the Motion, Defendants argue that "Plaintiffs' request for social security numbers and birth dates for all 410 potential class members should be denied because it is contrary to the terms of the parties' agreement and the Court's Order addressing this issue."[8] Regarding the production of additional identifying information on potential plaintiffs, the Order specifically states:  "Defendants will not be required to produce social security numbers or birth dates of any driver, unless Plaintiffs first demonstrate that this information is necessary to obtain a current address of a potential class member *after receiving a notice that the intended mailing to that person is undeliverable.*"[9]

Based on this specific directive in the court's order and the agreement between the parties,[10] requiring Defendants to produce more identifying information on all 410 potential plaintiffs is not warranted.  Plaintiffs received 35 undeliverable mailing notices, but were able to locate and resend notices to 17 of the 35.  For the remaining 18 undeliverable notices, Plaintiffs have demonstrated the need for additional identifying information as outlined in the order and stipulation.  Defendants shall provide the social security numbers and birth dates for the

---

[6] *Id.*

[7] *Id*. at 4.

[8] Memorandum in Opposition to Plaintiffs' Motion for Additional Information and to Extend Time Opt-In Deadline (Opposition) at 2, docket no. 28, filed May 17, 2013.

[9] Order at 2, ¶ 6 (emphasis added).

[10] Stipulation Regarding Plaintiff's Motion for Order Permitting Plaintiffs to Proceed as a Collective Action and Facilitate Notice (Stipulation to Proceed) at 3, ¶ 6, docket no. 24, filed February 20, 2013.

remaining 18 potential plaintiffs for which undeliverable mailing notices have been received. Because locating these individuals will take additional time, the court will extend the deadline for potential plaintiffs to opt-in to sixty days after the date defendants provide plaintiff's counsel with the additional information.  Defendants have fully complied with the Order to produce a list of "the names and last known addresses of all current and former drivers it employed during the period beginning March 15, 2010 to the present."[11]  Plaintiffs have failed to show the list is inadequate, and their request for "all underlying documents that could be used to create an accurate list of all potential plaintiffs" is denied.

## ORDER

IT IS HEREBY ORDERED that

1.  Plaintiffs' motion for additional identifying information on potential plaintiffs is GRANTED IN PART.  Within 10 days of the entry of this order, Defendants shall produce to Plaintiffs' counsel the social security numbers and birth dates for only the remaining 18 potential plaintiffs for which undeliverable mailing notices were returned to Plaintiffs' counsel.

2.  Plaintiffs' motion to extend the opt-in deadline is GRANTED.  The opt-in deadline for potential plaintiffs is extended to 60 days after the date Defendants provide plaintiffs' counsel with the additional information.

---

[11] Order at 2, ¶ 4.

3.  Plaintiffs' request for underlying documents used to create the list of potential plaintiffs

    is DENIED.


Signed September 12, 2013.

                                    BY THE COURT


                                    _____
                                    District Judge David Nuffer