Wrona Gordon & DuBois, P.C.
Steve K. Gordon (#5958)
Joseph E. Wrona (#8647)
Jarom B. Bangerter (#13955)
1745 Sidewinder Drive
Park City, Utah 84060
Telephone: (435) 649-2525
Facsimile:  (435) 649-5959
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JEFFREY BRUENINGSEN, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>RESORT EXPRESS INC.,<br><br>    Defendant. | MOTION FOR RECONSIDERATION OF JANUARY 26, 2015 MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT AS IT RELATES TO PLAINTIFFS' CLAIMS FOR UNLAWFULLY RETAINED TIPS<br><br>Case No. 2:12-cv-00843-DN<br><br>Judge David Nuffer |

Plaintiffs, through counsel, respectfully move the Court to reconsider its January 26, 2015 Memorandum Decision and Order Granting Motion for Partial Summary Judgment as it Relates to Plaintiffs' Claims for Unlawfully Retained Tips (the "Order").

**RELIEF REQUESTED AND GROUNDS FOR RELIEF**

Plaintiffs respectfully request that the Court reconsider and vacate that portion of the Order granting summary judgment for defendant Resort Express, Inc. ("REI") on plaintiffs'

claims for unlawfully retained tips. The bases for plaintiffs' motion are: (a) when this Court granted REI's motion for summary judgment on the Tip Claims, it relied on authority that was based and dependent on findings and conclusions reached in, and the resulting holding of, *Oregon Restaurant and Lodging v. Solis*, 948 F. Supp. 2d 1217 (D. Or. 2013); (b) the *Solis* decision was just reversed by the United States Court of Appeals for the Ninth Circuit on February 23, 2016; and (c) as a result, the legal basis for granting summary judgment for REI on the Tip Claims has been reversed.

## RELEVANT FACTS

1. Plaintiffs sued REI, Park City Transportation, Inc. ("PCT"), and Premier Transportation, Inc. ("PT") (collectively the "defendants") for: (a) violating the Fair Labor Standards Act ("the "FLSA") by failing to pay minimum wage for all hours worked by plaintiffs (the "Minimum Wage Claims"); (b) violating the FLSA by failing to pay overtime pay for all hours worked by plaintiffs in excess of 40 hours per work week (the "Overtime Claims"); (c) violating the FLSA by retaining some of plaintiffs' non-cash tips (the "Tip Claims"); and (d) Common claims of conversion, unjust enrichment, and quantum meruit (the "Common Law Claims"). *See* First Amended Complaint.

2. On October 22, 2013, defendants filed a Motion for Partial Summary Judgment ("the MSJ") seeking: (a) summary judgment for PCT and PT on all claims; (b) summary judgment for all defendants on the Overtime Claims; (c) summary judgment for all defendants on the Tip Claims; and (b) summary judgment for defendants on the Common Law Claims. *See* Motion for Partial Summary Judgment, Docket No. 33.

3. On January 26, 2015, the Court entered the Order in which it granted the MSJ and: (a) dismissed all claims against PCT and PT; (b) granted summary judgment for REI on the Overtime Claims; (c) granted summary judgment for REI on the Common Law Claims; and (d) granted summary judgment for REI on the Tip Claims. *See* Order, Docket No. 64.

4. Thereafter, with regard to the Minimum Wage Claims, counsel for plaintiffs and REI agreed that: (a) the amount of unpaid minimum wage owed by REI to plaintiffs is $22,027.06; and (b) the two remaining issues with regard to the Minimum Wage Claims – liquidated damages and attorneys' fees – would be resolved through further negotiations or, if necessary, at an evidentiary hearing. *See* Joint Status Report, Docket No. 84.

5. The Tips Claims are based on a regulation enacted by the United States Department of Labor ("the DOL") in 2011 (the "2011 Rule") that interprets and implements section 203(m) of the FLSA (29 U.S.C. § 203(m)) ("Section 3(m)"). *See* First Amended Complaint. The 2011 Rule states, in pertinent part:

> Tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA**.** The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in section 3(m): As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool.

C.F.R. § 531.52; 76 Fed. Reg. 18,832, 18,841-42 (April 5, 2011).

6. In granting the MSJ as to the Tip Claims, the Court found that the 2011 Rule was invalid under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), because the 2011 Rule went the scope of the DOL's authority and conflicted with the language of Section 3(m). *See* Order at 6-10. In so doing, the court relied on federal district court cases that reached the same conclusion, including: (a) *Solis*; (b) *Stephenson, et al. v. All*

3

*Resort Coach, Inc.*, No. 2013 U.S. Dist. LEXIS 121766 (D. Utah Aug. 26, 2013); and (c) *Trinidad v. Pret A Manger (USA) Limited*, 2013 U.S. Dist. LEXIS 97544 (S.D.N.Y. July 11, 2013). *See id.*

7. On February 23, 2016, the United States Court of Appeals for the Ninth Circuit reversed *Solis* and rejected the analysis and conclusions in *Stephenson* and *Trinidad* regarding the validity of the 2011 Rule. In the process, the Ninth Circuit held that the 2011 Rule: (a) did not go beyond the DOL's authority; (b) is consistent with the FLSA's language, legislative history, and purpose; and (c) is, therefore, valid and enforceable under *Chevron*. *See Oregon Restaurant and Lodging Association, et al. v. Thomas Perez, et al.*, No. 13-35765 (9th Cir. 2016) (a copy of which is attached as Exhibit A).[1]

## ARGUMENT

Federal district courts in Utah entertain motions for reconsideration of interlocutory orders under Fed. R. Civ. P. 54(b). *See Raytheon Constructors v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003); *Baer v. Salt Lake City Corp., et al.*, 2:13-cv-00336, Docket No. 80 at 2 (D. Utah Sept. 11, 2014) (unpublished) (a copy of which is attached as Exhibit A). Rule 54(b) states, in pertinent part, that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Grounds warranting a motion to reconsider include an intervening change in the

---

[1] The Ninth Circuit's opinion in *Perez* reversed the district court decision in *Solis*. Hilda Lucia Solis was the United States Secretary of Labor when the case began and, therefore, was the primary named defendant. Subsequently, Thomas Perez became the Secretary of Labor and was substituted in as the primary named defendant. Thus, the case that started as "*Solis*" is now referred to as "*Perez*."

4

controlling law.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  That is precisely what has happened in this case.

As discussed above, by enacting the 2011 Rule, the DOL made it clear that under Section 3(m), plaintiffs are entitled to 100% of the Tips and REI has no right to retain any of them.  This Court found that the 2011 Rule is invalid and unenforceable, relying on the *Solis* district court ruling as support for the decision.  The Court also cited to *Stephenson* and *Trinidad*, both of which relied upon *Solis* and adopted the reasoning analysis and reasoning in *Solis*.  However, three days ago, the Ninth Circuit - the only federal appellate court to directly address the validity of the 2011 Rule – reversed *Solis* and held that the 2011 Rule is valid and fully enforceable.

## CONCLUSION

Based on the foregoing, plaintiffs respectfully request that this Court: (1) vacate that portion of the Order that discusses the validity of Section 3(m) and grants summary judgment for REI on the Tip Claims; and (2) amend the Order to reflect that REI's Motion for Partial Summary Judgment is denied as to the Tip Claims.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request oral argument on their Motion for Reconsideration of January 26, 2015 Memorandum Decision and Order Granting Motion for Partial Summary Judgment as it Relates to Plaintiff's Claims for Unlawfully Retained Tips.

Dated this 26th day of February, 2016.

WRONA GORDON & DUBOIS, P.C.

/s/ Steve K. Gordon
Steve K. Gordon
Attorneys for Plaintiffs

## CERTIFICATION OF SERVICE

I hereby certify that on February 26, 2016, a copy of the foregoing was filed using the Court's CM/ECF system which sent notice and a copy to:

RAY QUINNEY & NEBEKER, P.C.
Scott A. Hagen
Michael E. Blue
Liesel Stevens
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

/s/ Steve K. Gordon