SCOTT A. HAGEN (4840)
MICHAEL E. BLUE (5258)
LIESEL B. STEVENS (10431)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
 Telephone:  (801) 532-1500
  Email:    shagen@rqn.com
            mblue@rqn.com
            lstevens@rqn.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT IN AND FOR

THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JEFFREY BRUENINGSEN, ALDIS BARSKETIS, STEVE SIMCHEN, RICHARD SORENSEN, THOMAS H. STEED, JR., JOE METCALFE and MICHAEL POWER, on behalf of themselves and other similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>RESORT EXPRESS INC., PARK CITY TRANSPORTATION, INC. and PREMIER TRANSPORTATION, INC.,<br><br>               Defendants. | **MEMORANDUM IN OPPOSITION TO MOTION FOR RECONSIDERATION OF JAN. 26, 2015 MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT AS IT RELATES TO PLAINTIFFS' CLAIMS FOR UNLAWFULLY RETAINED TIPS**<br><br><br>Case No. 2:12-cv-00843-DN<br><br>Judge David Nuffer |

Defendant Resort Express Inc. ("Resort Express") submits this Memorandum in

Opposition to Plaintiffs' Motion for Reconsideration of this Court's Order Granting Motion for

Partial Summary Judgment.  As set forth below, there has been no change in controlling law that

warrants reconsideration of this Court's dismissal of Plaintiffs' tip claim under the Fair Labor Standards Act.  Although the Ninth Circuit recently issued a decision in favor of Plaintiffs' position on the tip claim, that decision is not binding on this Court and not persuasive. Accordingly, Plaintiffs' Motion for Reconsideration should be denied.

## ARGUMENT

Contrary to Plaintiffs' argument, there are no grounds that warrant reconsideration of the Court's Order Granting Defendants' Motion for Partial Summary Judgment ("MSJ Order").  In that ruling, the Court granted Defendants' motion and dismissed Plaintiffs' claim for owed tips under the Fair Labor Standards Act (FLSA).  Since that time there has been no "intervening change in the *controlling* law" that necessitates reconsideration of that decision.  *See generally Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (identifying grounds that warrant a motion to consider).

### A.  This Court Correctly Dismissed Plaintiffs' FLSA Tip Claim on Summary Judgment.

Defendants moved for summary judgment on Plaintiffs' tip claim on the grounds that Plaintiffs have no right under the FLSA to retain customers' non-cash tips.  The applicable provision of the FLSA, section 203(m), imposes conditions on the employer's retention of tips when the employer takes a tip credit.  *See* 29 U.S.C. § 203(m).  However, the statute provides no such condition where no tip credit is taken by the employer.  *Stephenson v. All Resort Coach, Inc.*, No. 2:12-CV-1097 TS, 2013 WL 4519781 (D. Utah Aug. 26, 2013).  There is nothing in section 203(m) or the other provisions of the FLSA that prohibits an employer from retaining non-cash tips when the employees are paid at least minimum wage and the employer does not take a tip credit.  *Cumbie v. Woody Woo, Inc.*, 596 F.3d 577, 581 (9th Cir. 2010).  Because it is

undisputed that Defendants did not take a tip credit, they did not violate the FLSA by retaining all or a portion of the non-cash tips.  (MSJ Order, p. 10.)

Plaintiffs' tip claim relies upon a U.S. Department of Labor (DOL) regulation, 29 C.F.R. § 531.52, which was revised by the DOL in 2011 to state that "tips remain the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA." As other courts have done, this Court held that § 531.52 fails a *Chevron* step-one analysis because it departs from Congress' clear intent that the employee must be allowed to keep all tips only when the employer takes the tip credit.  MSJ Order, p. 6-10; *see also Stephenson*, 2013 WL 451978, at *8; and *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545 (S.D.N.Y. 2013).

This Court's *Chevron* analysis was thorough and well-reasoned.  The Court correctly noted that the statutory language of section 203(m) clearly gives employers the choice of how to pay their employees a minimum wage, either by taking a tip credit or not.  MSJ Order at 10. "Reading the statute to mandate that tips are the property of the employee regardless of the tip credit renders Congress' reference to the tip credit superfluous."  *Id.*

### B.     The Ninth Circuit's Reversal of *Solis* Is Not Controlling Law in this Case.

Plaintiffs' motion is based on their cursory assertion that the Ninth Circuit's reversal of *Oregon Restaurant and Lodging v. Solis*, 948 F. Supp. 2d 1217 (D. Or. 2013), should determine the outcome in this case.  It does not.  Clearly, this Court is not required to follow the decisions of the Ninth Circuit.  In short, the "controlling law" has not changed, and reconsideration is not required.  Moreover, the Ninth Circuit's decision in *Oregon Rest. and Lodging v. Perez,* 2016 WL 706678 (9th Cir. Feb. 23, 2016) should not be followed by this Court because it ignores clear precedent and the clear language of section 203(m).

As noted by dissenting Judge Smith in *Perez* and the Ninth Circuit in *Cumbie v. Woody Woo, Inc.*, 596 F.3d 577 (9th Cir. 2010), "the meaning of section 203(m) is clear and unambiguous, leaving no room for agency interpretation." *Perez* at * 11. Specifically, the "plain text of section 203(m) . . . only imposed a *condition* on employers who take a tip credit, rather than a blanket *requirement* on all employers regardless of whether they take a tip credit." *Id*. at 9, citing *Cumbie*, 596 F.3d at 581 (emphasis in original). "If Congress wanted to articulate a general principle that tips are the property of the employee [when the employer does not take a tip credit], it could have done so without reference to the tip credit." *Id*.

The majority in *Perez* wrongly reasoned that because 203(m) is "silent" as to employers who do not take a tip credit, the DOL was free to regulate tip pooling arrangements of employers who do not take a tip credit. As Judge Smith pointed out, however, this reasoning proves too much:

> [T]he majority suggests an agency may regulate wherever that statute does not forbid it to regulate. This suggestion has no validity. The Supreme Court has made clear that it is only in the ambiguous "interstices" *within* the statute where silence warrants administrative interpretation, not the vast void of silence on either side of it. If it were otherwise, within each statute granting administrative authority, Congress would need to erect walls, making it clear that the agency is limited to regulating only that which the statute expressly addresses, or implies *within* those parameters.

*Id*. (internal citations omitted) (emphasis in original). Thus, the DOL does not have the power to regulate the retention of tips by employers who do not take a tip credit. *Id*. If employers do not take a tip credit, the disposition of tips between employer and employee is something to be decided by private contract between the employer and the employee.

This Court's analysis in its MSJ Order was not dependent upon the *Solis* decision. Instead, this Court independently and carefully applied a *Chevron* analysis and determined that

the DOL's regulation is invalid.  That same decision was reached by Judge Stewart in *Stephenson* and the Southern District of New York in *Trinidad*.  The mere fact that in *Perez* a divided panel of the Ninth Circuit reached a different result does not invalidate this Court's prior analysis.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs' motion for reconsideration should be denied.

DATED this 7th day of March, 2016.

            RAY QUINNEY & NEBEKER P.C.


            /s/ Liesel B. Stevens
            Scott A. Hagen
            Michael E. Blue
            Liesel B. Stevens

            *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March, 2016, I electronically filed the foregoing **MEMORANDUM IN OPPOSITION TO MOTION FOR RECONSIDERATION OF JAN. 26, 2015 MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT AS IT RELATES TO PLAINTIFFS' CLAIMS FOR UNLAWFULLY RETAINED TIPS** with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

    Steve K. Gordon
    Jarom B. Bangerter
    WRONA GORDON & DUBOIS, P.C.
    1745 Sidewinder Drive
    Park City, Utah  84060

                                            /s/ Marci Meyers

1364800