IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JEFFREY BRUENINGSEN, et al.,<br><br>                   Plaintiffs,<br>v.<br><br>RESORT EXPRESS INC.,<br><br>                   Defendant. | MEMORANDUM DECISION AND ORDER DENYING [86] PLAINTIFFS' MOTION FOR RECONSIDERATION<br><br>Case No. 2:12-CV-843-DN<br><br>District Judge David Nuffer |

Plaintiffs seek reconsideration of the dismissal of their claims for unlawfully retained tips.[1] Plaintiffs' basis for seeking reconsideration is the issuance of a recent Ninth Circuit Court of Appeals' opinion, *Oregon Rest. and Lodging Ass'n v. Perez*,[2] which overrules *Oregon Rest. and Lodging v. Solis*.[3] The Memorandum Decision and Order relied on *Solis* in dismissing Plaintiffs' unlawfully retained tips claims.[4] Because *Perez* is nonbinding precedent and its majority's analysis is unpersuasive, Plaintiffs' Motion for Reconsideration is DENIED.

## BACKGROUND

Defendant employed Plaintiffs as drivers and had control over and the power to establish, enforce, and change: (a) Plaintiffs' working conditions; (b) policies governing the allocation of gratuities; and (c) compensation policies and practices.[5] At all times during Plaintiffs'

---

[1] *See* Motion for Reconsideration of January 26, 2015 Memorandum Decision and Order Granting Motion for Partial Summary Judgment as it Relates to Plaintiffs' Claims for Unlawfully Retained Tips ("Motion for Reconsideration"), docket no. 86, filed Feb. 26, 2016.

[2] *See Oregon Rest. and Lodging Ass'n v. Perez*, Nos. 13-35765, 14-15243, 2016 WL 706678 (9th Cir. Feb. 23, 2016).

[3] *See Oregon Rest. and Lodging v. Solis*, 948 F.Supp.2d 1217 (D.Or. 2013).

[4] *See* Memorandum Decision and Order Granting Motion for Partial Summary Judgment ("Memorandum Decision and Order") at 6-10, 15-16, docket no. 64, filed Jan. 26, 2015.

[5] *See id*. at 2, Undisputed Facts ¶ 2.

employment, Defendant did not take a "tip credit," *i.e.*, Defendant did not assert a credit based on tips, partial or otherwise, to meet its minimum wage requirements.[6] Defendant did, however, retain some or all of Plaintiffs' non-cash tips.[7] Plaintiffs allege that Defendant's practice of retaining non-cash tips violated the Fair Labor Standards Act ("FLSA") and opened Defendant to liability under state common law theories of conversion, unjust enrichment, and quantum meruit.[8]

Defendant moved for summary judgment on Plaintiffs' unlawfully retained tips claims.[9] The claims were dismissed by the Memorandum Decision and Order.[10] Support for the dismissal came from the Ninth Circuit Court of Appeals' opinion in *Crumbie v. Woody Woo, Inc.*,[11] which construed section 203(m) of the FLSA as permitting an employer's retention of a portion or all of an employee's tips if the employer does not take a tip credit.[12] The *Crumbie* opinion preceded the promulgation of a Department of Labor ("DOL") regulation that stated "[t]ips are the property of the employee whether or not the employer has taken a tip credit under section [20]3(m) of the FLSA."[13] Plaintiffs' claims in this case for unlawfully retained tips relied on that regulation. The Memorandum Decision concluded the regulation was not entitled to deference because it departed from Congress' clear intent in the plain language of section 203(m), as construed by *Crumbie*.[14] Plaintiffs' unlawfully retained tips claims therefore failed as a matter of

---

[6] *See id*. at 2, Undisputed Facts ¶ 1.

[7] *See id*. at 2, Undisputed Facts ¶ 3.

[8] *See* First Amended Complaint at 12-16, docket no. 12, filed Nov. 1, 2012.

[9] *See* Motion for Partial Summary Judgment at 1-6, 10-12, docket no. 33, filed Oct. 22, 2013.

[10] *See* Memorandum Decision and Order at 6-10, 15-16.

[11] *See Crumbie v. Woody Woo, Inc.*, 596 F.3d 577 (9th Cir. 2010).

[12] *See id*. at 581.

[13] 29 C.F.R. § 531.52 (2011).

[14] *See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842-43, 104 S.Ct. 2778 (1984).

law. The Memorandum Decision and Order also cited three district court opinions, *Stephenson v. All Resort Coach, Inc.*,[15] *Solis*,[16] and *Trinidad v. Pret A Manger (USA) Ltd.*,[17] which used this same analysis and reached this same conclusion.[18]

Now that the Ninth Circuit Court of Appeals' opinion in *Perez* overruled *Solis,* Plaintiffs seek reconsideration of the dismissal of their unlawfully retained tips claims.[19] Plaintiffs maintain that *Perez*'s reading and application of *Crumbie* undercuts the legal authority relied on for the dismissal of their unlawfully retained tips claims. Plaintiffs argue that this intervening change in controlling law justifies reconsideration of the claims' dismissal.[20]

## STANDARD OF REVIEW

The authority to reconsider interlocutory orders stems from Rule 54(b) of the Federal Rules of Civil Procedure.[21] Under Rule 54(b),

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[22]

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent

---

[15] *See Stephenson v. All Resort Coach, Inc.*, No. 2:12-CV-1097 TS, 2013 WL 4519781 (D.Utah Aug. 26, 2013).

[16] *See Solis*, 948 F.Supp.2d 1217.

[17] *See Trinidad v. Pret A Manger (USA) Ltd.*, 962 F.Supp.2d 545 (S.D.N.Y. 2013)

[18] *See* Memorandum Decision and Order at 9-10.

[19] *See* Motion for Reconsideration.

[20] *See id*.

[21] *See Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003).

[22] FED R. CIV. P. 54(b).

manifest injustice."[23] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[24]

## DISCUSSION

Plaintiffs' only argument for seeking reconsideration of the dismissal of their unlawfully retained tips claims is that *Perez* constitutes an intervening change in the controlling law.[25] This argument is misplaced.

The dismissal of Plaintiffs' unlawfully retained tips claims stemmed from a reading and application of *Crumbie*. The Memorandum Decision and Order, consistent with *Crumbie,* declined to give deference to the DOL regulation which departed from Congress' clear intent in the plain language of section 203(m) of the FLSA.[26] Three district court opinions supported this reading and application of *Crumbie*.[27] The majority opinion in *Perez* has overruled one of these district court opinions, *Solis*, by implementing a limited reading and application of *Crumbie*.[28]

The *Perez* majority read *Crumbie* as merely holding that section 203(m)'s *silence* as to employers that do not take a tip credit must be construed in favor of the employer to permit a practice of retaining tips.[29] Consequently, the *Perez* majority held that because of section 203(m)'s silence, the DOL retained authority to promulgate regulations interpreting section 203(m).[30] The *Perez* majority therefore determined that the district court in *Solis* incorrectly

---

[23] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[24] *Id*.

[25] *See* Motion for Reconsideration.

[26] *See* Memorandum Decision and Order at 7-10.

[27] *See id*. at 9-10 (citing *Stephenson*, 2013 WL 4519781, at *8; *Solis*, 948 F.Supp.2d at 1223-24; *Trinidad*, 962 F.Supp.2d at 562).

[28] *See Perez*, 2016 WL 706678.

[29] *See id*. at *5.

[30] *See id*. at *5-6.

applied *Crumbie* as foreclosing the DOL's ability to promulgate regulations that interpret section 203(m), and held that the DOL's regulation was reasonable and entitled to deference.[31]

The *Perez* majority, however, did not overrule *Crumbie*.[32] Indeed, the majority opinion expressly stated: "To be clear, we have no quarrel with *Crumbie*[.]"[33] The *Perez* majority simply overruled *Solis*'s application of *Crumbie*.[34] While *Perez* is the controlling law of the Ninth Circuit as to *Crumbie*'s reading and application, "[t]he decisions of the Ninth Circuit are not binding on this circuit."[35] Therefore, the *Perez* does not constitute an intervening change in controlling law.

The majority opinion in *Perez* is, at most, persuasive authority that *Crumbie* should be read as holding that section 203(m) is silent as to employers who do not take a tip credit, and that this silence permits deference to the DOL's construction that extends the restrictions of section 203(m) to all employers, not just those who take a tip credit.[36] However, this reading and application of *Crumbie* is not persuasive, as it ignores the plain language of section 203(m) and of *Crumbie*.

Section 203(m) provides:

In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to—

> (1)  the cash wage paid such employee which is for purposes of such determination shall be not less than the case wage required to be paid such an employee on August 20, 1996; and

---

[31] *See id*. at *5-8.

[32] *See id*. at *8.

[33] *Id*.

[34] *Id*.

[35] *FDIC v. Daily*, 973 F.2d 1525, 1532 (10th Cir. 1992) ("

[36] *See Perez*, 2016 WL 706678, at *1, 3, 5-6, 8.

> (2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title.
>
> The additional amount on account of tips may not exceed the value of the tips actually received by an employee. The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.[37]

*Crumbie* analyzes this statutory language sentence by sentence and rejects the argument that "an employee must be allowed to retain all of [his or] her tips—except in the case of a 'valid' tip pool involving only customarily tipped employees—regardless of whether [the] employer claims a tip credit."[38] *Crumbie* specifically holds:

> [W]e cannot reconcile [the petitioner's] interpretation with the plain text of the third sentence [of section 203(m)], which imposes *conditions* on taking a tip credit and does not state freestanding *requirements* pertaining to all tipped employees. A statute that provides that a person must do X *in order to achieve* Y does not mandate that a person must do X, period.[39]

"If Congress wanted to articulate a general principle that tips are the property of the employee absent a 'valid' tip pool, it could have done so without reference to the tip credit."[40] Therefore, the *Crumbie* court "decline[d] to read the third sentence [of section 203(m)] in such a way as to render its reference to the tip credit, as well as its conditional language and structure, superfluous."[41]

*Crumbie* next addresses the argument that section 203(m) should be construed as permitting employees to retain all tips that they are given by virtue of the DOL's "free and clear"

---

[37] 20 U.S.C. § 203(m) (2012).

[38] *Crumbie*, 596 F.3d at 580.

[39] *Id*. at 581 (emphasis in original).

[40] *Id*.

[41] *Id*.

regulation.[42] Turning again to the plain language of section 203(m), *Crumbie* rejects this argument:

> [T]he applicability of the 'free and clear' regulation hinges on whether or not the tips belong to the [employees] to whom they are given. This question brings us back to section 203(m), which we have already determined does not alter the default rule … that tips belong to the servers to whom they are given only in the absence of an explicit contrary understanding that is not otherwise prohibited. Hence, whether [an employee] owns [his or] her tips depends on whether there existed an agreement to redistribute [the] tips that was not barred by the FLSA.[43]

The *Crumbie* court held that because "[t]he FLSA does not restrict tip pooling when no tip credit is taken… only the tips redistributed to [an employee] from the [tip] pool ever belong to [the employee], and [the employee's] contributions to the [tip] pool did not, and could not, reduce [the employee's] wages below the statutory minimum."[44] Any contrary interpretation using the DOL's "free and clear" regulation is "plainly erroneous and unworthy of any deference."[45]

The *Crumbie* plaintiff's final argument was that the FLSA is nullified by allowing employers to confiscate an employee's tips by functionally taking a tip credit through the use of a tip-pooling arrangement to subsidize the wages of its non-tipped employees.[46] The *Crumbie* court held the "[e]ven if [this argument] were correct, we do not find this possibility so absurd or glaringly unjust as to warrant a departure from the plain language of the statute."[47] "Naturally, [an employee] would prefer to receive *all* of [his or] her tips, but the FLSA does not create such an entitlement where no tip credit is taken."[48] "Absent an ambiguity or an irreconcilable conflict

---

[42] *See id*. at 581-582.

[43] *Id*. at 582.

[44] *Id*.

[45] *Id*.

[46] *See id*. at 582-83.

[47] *Id*. at 582 (internal quotations and punctuation omitted).

[48] *Id*. at 583 (emphasis in original).

with another statutory provision, we will not alter the text in order to satisfy the policy preferences of [the plaintiff] and [the DOL]."[49]

The majority opinion in *Perez* ignores *Crumbie*'s repeated references to the plain and unambiguous language of section 203(m) and reads *Crumbie* as rooted in statutory silence.[50] The words "silent" and "silence" do not appear in *Crumbie*.[51] As recognized by the dissenting opinion in *Perez*, which notably is authored by the only common panel member with the *Crumbie* court, "[*Perez*] is nothing more than *Crumbie II*."[52] "Any rational reading of *Crumbie* unequivocally demonstrates that [the court] determined the meaning of section 203(m) is clear and unambiguous, leaving no room for agency interpretation."[53] "[T]he DOL's promulgation of [a] new rule changes nothing."[54] "The DOL is not free to manufacture an ambiguity, which circuit precedent mandates is not there."[55] The dissent's reading and application of *Crumbie* is persuasive and is precisely the analysis behind the Memorandum Decision and Order's dismissal of Plaintiffs' unlawfully retained tips claims.[56]

The *Perez* majority's analysis for affording deference to the DOL's regulation is also premised on a strained interpretation of the United States Supreme Court's opinion in

---

[49] *Id*.

[50] *See Perez*, 2016 WL 706678, at *1-8.

[51] *See Crumbie*, 596 F.3d 577.

[52] *Perez*, 2016 WL 706678, at *9 (N.R. Smith, dissenting).

[53] *Id*. at *11.

[54] *Id*. at *10.

[55] *Id*. at *12.

[56] *See* Memorandum Decision and Order at 6-10.

*Christensen v. Harris Cty.*[57] In *Cristensen*, the Supreme Court examined whether a DOL opinion letter regarding the FLSA was entitled to deference.[58] The Supreme Court held that it was not:

> Interpretations such as those in opinion letters—like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law—do not warrant … deference. Instead, interpretations contained in formats such as opinion letters are entitled to respect … but only to the extent that those interpretations have the power to persuade[.][59]

*Christensen* did recognize that agency regulations are entitled to deference, but determined that no DOL regulation addressed the matter at issue in the case.[60]

The *Perez* majority used this analysis, in conjunction with a one line concurring opinion authored by Justice Souter,[61] in which no other Justice joined, to state that "*Christensen* strongly suggests, there is a distinction between court decisions that interpret statutory commands and court decisions that interpret statutory silence."[62] Following this reasoning, the *Perez* majority held that "*Crumbie* should not be read to foreclose the DOL's ability to subsequently issue a regulation prohibiting the challenged tip pooling practice [of employers retaining employee tips when the employer does not take a tip credit]."[63]

The flaw in the *Perez* majority's use of *Christensen* to justify the result it reached begins with its reading of *Crumbie*'s holdings as being rooted in statutory silence rather than in an unequivocally construction of the clear and unambiguous meaning of section 203(m).[64] This

---

[57] *See Christensen v. Harris Cty.*, 529 U.S. 576, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000).

[58] *See id*. at 587-88.

[59] *Id*. at 587 (internal quotations and citations omitted).

[60] *See id.* at 587-88.

[61] *See id*. at 589 (J. Souter, concurring) ("I join the opinion of the Court on the assumption that it does not foreclose a reading of the Fair Labor Standards Act of 1938 that allows the Secretary of Labor to issue regulations liming forced use.").

[62] *Perez*, 2016 WL 706678, at *6.

[63] *Id*.

[64] *See id*. at *5; *see also Crumbie*, 596 F.3d at 581-583.

flaw is then compounded by the use of Justice Souter's concurrence to infer that *Christensen* stands for the proposition that an agency may regulate wherever a statute does not forbid it to regulate.[65] No such suggestion appears in *Christensen*'s main opinion.[66] Ultimately, the *Perez* majority analysis affords deference to a DOL regulation that contradicts the plain language of section 203(m) and the "default rule" recognized by *Crumbie* that "an arrangement to turn over or to redistribute tips is presumptively valid."[67]

The United States Supreme Court has held that "[a] court's a prior judicial construction of a statute trumps an agency construction otherwise entitled to … deference only if the prior court decision holds that its construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion.'"[68] This describes *Crumbie*'s construction of section 203(m) and the rationale behind the Memorandum Decision and Order's dismissal of Plaintiffs' unlawfully retained tips claims. The *Perez* majority's contrary analysis is unpersuasive and therefore does not justify reconsideration of the dismissal of Plaintiffs' unlawfully retained tips claims.

---

[65] *See Perez*, 2016 WL 706678, at *5-6.

[66] *See Christensen*, 529 U.S. at 587-89.

[67] *Crumbie*, 596 F.3d at 579 (citing *Williams v. Jacksonville Terminal Co.*, 315 U.S. 386, 397, 62 S.Ct. 659, 86 L.Ed. 914 (1942)).

[68] *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982, 125 S.Ct. 2688, 162 L.Ed.2d 820 (2005).

## ORDER

IT IS HEREBY ORDERED that Plaintiffs' Motion for Reconsideration[69] is DENIED.

Signed March 24, 2016.

BY THE COURT

District Judge David Nuffer

---

[69] Motion for Reconsideration.