Wrona Gordon & DuBois, P.C.
Joseph M. Stultz (#12251)
1745 Sidewinder Drive
Park City, Utah 84060
Telephone: (435) 649-2525
Facsimile: (435) 649-5959
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT IN AND FOR

THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JEFFREY BRUENINGSEN, ALDIS BARSKETIS, STEVE SIMCHEN, RICHARD SORENSEN, THOMAS H. STEED, JR., JOE METCALFE and MICHAEL POWER, on behalf of themselves and other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RESORT EXPRESS INC.,<br><br>Defendant. | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**<br><br>Case No. 2:12-CV-843-DN<br><br>Judge David Nuffer |

A hearing was held in this case on September 8, 2016. Plaintiffs were represented by Joseph M. Stultz. Defendant was represented by Scott A. Hagen. Having considered the information provided at the hearing, the following Findings of Fact, Conclusions of Law, and Order are entered:

**FINDINGS OF FACT**

1. Plaintiffs were formerly employed as drivers for Defendant Resort Express, Inc. ("Resort Express"). Plaintiffs filed this collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), alleging claims for: (1) failure to pay minimum wage (the "Minimum Wage Claims"); (2) failure to pay overtime pay (the "Overtime Claims"); (3) unlawful retention of non-cash tips (the "Tip Claims"); (4) conversion; (5) unjust enrichment; and (6) quantum meruit (the claims for conversion, unjust enrichment and quantum meruit are collectively referred to as the "State Law Claims").[1]

2. Pursuant to a stipulation by the parties,[2] Plaintiffs' claims for alleged violations of the FLSA were conditionally certified as a collective action.[3]

3. On October 22, 2013, Defendants filed a Motion for Partial Summary Judgment on all of Plaintiffs' claims except for the Minimum Wage Claims and the Overtime Claims with respect to one plaintiff, Michael Power.[4] On January 26, 2015, Defendants' Motion for Partial Summary Judgment was granted on the Tips Claims, the Overtime Claims, and the State Law Claims.[5] Defendants Park City Transportation, Inc. and Premier Transportation, Inc. were also

---

[1] First Amended Complaint, docket no. 12, filed Nov. 1, 2012.

[2] Stipulating Regarding Plaintiff's Motion for Order Permitting Plaintiffs to Proceed as a Collective Action and Facilitate Notice, docket no. 24, filed Feb. 20, 2013.

[3] Order Regarding Plaintiffs' Motion for Order Permitting Plaintiffs to Proceed as a Collective Action and Facilitate Notice, docket no. 25, entered Feb. 22, 2013.

[4] Motion for Partial Summary Judgment, docket no. 33, filed Oct. 22, 2013.

[5] Memorandum Decision and Order Granting Motion for Partial Summary Judgment, docket no. 64, entered Jan. 26, 2015.

dismissed on the grounds that they were not Plaintiffs' employer.[6] Plaintiffs filed a Motion for Reconsideration of this order on February 26, 2016.[7] That motion was denied.[8]

4. Subsequently, Defendant propounded written discovery concerning the remaining Minimum Wage Claims and took depositions of Plaintiffs Brueningsen, Simchen, Steed and Metcalfe. Plaintiffs also conducted written discovery concerning the Minimum Wage Claims. Defendant produced over 72,000 documents in discovery, primarily consisting of driver wage records and manifests. Thereafter, counsel for the parties negotiated a settlement of the amount allegedly owed to Plaintiffs in connection with the Minimum Wage Claims. A Notice containing the particulars of the settlement was submitted with the parties' Joint Motion for Preliminary Approval of Settlement (the "Notice").[9] An Order Granting Joint Motion for Preliminary Settlement and Hearing Date for Final Approval then entered on May 23, 2016 (the "Order").[10]

5. Pursuant to the Order, counsel for the Plaintiffs mailed the Notice to all Plaintiffs. Neither Plaintiffs' counsel nor the court have received any objections or other responses to the terms of the settlement provided in the Notice.

---

[6] *Id*.

[7] Motion for Reconsideration of January 26, 2015 Memorandum Decision and Order Granting Motion for Partial Summary Judgment as it Relates to Plaintiffs' Claims for Unlawfully Retained Tips, docket no. 86, filed Feb. 26, 2016.

[8] Memorandum Decision and Order Denying [86] Plaintiffs' Motion for Reconsideration, docket no. 91, entered Mar. 25, 2016.

[9] Joint Motion for Preliminary Approval of Settlement, docket no. 96, filed May 17, 2016; Notice of Preliminary Approval of Settlement and Hearing Date for Final Court Approval, docket no. 96-3, filed May 17, 2016.

[10] Order Granting [96] Joint Motion for Preliminary Approval of Settlement, docket no. 97, entered May 23, 2016.

## CONCLUSIONS OF LAW

1.  The proposed settlement was achieved in the adversarial context of this case.[11]

2.  Throughout the case, the parties were represented by experienced counsel in wage and hour litigation, and the proposed settlement is the product of arm's length negotiations after the parties engaged in extensive discovery and damages calculations.[12]

3.  The proposed settlement reflects a reasonable compromise over minimum wage payment issues that are in dispute among the parties.[13]

4.  The proposed settlement is fair given the procedural posture of the case and the attendant risks of continued litigation, and the proposed settlement is within the range of possible approval given the stipulated calculations of damages.[14]

5.  The Notice mailed to Plaintiffs and the method by which the notice was mailed satisfy the requirements of due process by informing the Plaintiffs of the nature of the litigation and the basis for and details of the proposed settlement, and it afforded Plaintiffs reasonable time and opportunity to object or otherwise respond.[15]

---

[11] *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *Robles v. Brake Masters Sys., Inc.*, 2011 WL 9717448, *18 (D.N.M. Jan. 31, 2011).

[12] *Lynn's Food Stores*, 679 F.2d at 1354; *Robles*, 2011 WL 9717448, *18; *Lizondro-Garcia v. Kefi, LLC*, 300 F.R.D. 160, 180 (S.D.N.Y. May 29, 2014).

[13] *Lynn's Food Stores*, 679 F.2d at 1354; *Robles*, 2011 WL 9717448, *18; *Felix v. Thai Basil at Thornton, Inc.*, 2015 WL 2265177, *2 (D. Colo. May 6, 2015).

[14] *Lynn's Food Stores*, 679 F.2d at 1354; *Robles*, 2011 WL 9717448, *18; *Felix*, 2015 WL 2265177, *2.

[15] FED. R. CIV. P. 23(c), (e); *Lizondro-Garcia*, 300 F.R.D. at 181.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Final certification of the FLSA collective action is GRANTED; and

2. Final approval to the parties' proposed FLSA collective action Settlement Agreement is GRANTED.

The parties are directed to file the necessary papers to bring the case to disposition.

DATED this 8th day of September, 2016.

_____
David Nuffer
United States District Court Judge

Submitted and Approved By:

        WRONA GORDON & DUBOIS, P.C.

        /s/ Joseph M. Stultz
        Joseph M. Stultz
        *Attorneys for Plaintiffs*

        RAY QUINNEY & NEBEKER P.C.

        /s/ Scott A. Hagen
        (Signed with Permission)
        Scott A. Hagen
        *Attorneys for Defendant*